# In the United States District Court for the Southern District of Georgia Brunswick Division

ROBERT C. DREYFUSS,

    Plaintiff,

    v.

WEST COAST LIFE INSURANCE COMPANY,

    Defendant.

No. 2:20-CV-99

## ORDER

This case involves Plaintiff Robert Dreyfuss's ("Plaintiff") claim to recover benefits payable on West Coast Life Policy No. Z00805833 (the "Policy") issued by West Coast Life Insurance Company ("Defendant"). Defendant moves to transfer this case under the "first-filed" rule to the Western District of Kentucky, where an earlier-filed interpleader action involving Defendant and Plaintiff is currently pending (the "Kentucky action"). Dkt. No. 8. For the reasons stated below, Defendant's Motion to Dismiss/Transfer is **GRANTED** to the extent it seeks a transfer of this action to the Western District of Kentucky.

### LEGAL AUTHORITY

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption

across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." See Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005) (citations omitted). Under the first-filed rule, "when parties have instituted competing or parallel litigation in separate courts," the court that "initially seized the controversy" should hear the case. Collegiate Licensing Co. v. Am. Cas. Co., 713 F.3d 71, 78 (11th Cir. 2013) (citations omitted). The court that "initially seized the controversy" decides the merits of substantially similar cases and determines whether the issues raised in the second-filed suit should be dismissed, stayed, or consolidated. Id.

## DISCUSSION

### I. First-Filed Rule

In determining whether actions are duplicative and, thus, substantially overlap, courts generally consider three factors: (1) the chronology of the action; (2) the similarities of the parties involved, and (3) the similarity of issues at stake. Dial HD, Inc. v. Clearone Commc'ns, Inc., No. CV 109-100, 2010 WL 3732115, at *4 (S.D. Ga. Sept. 7, 2010). The Court concludes that there is substantial overlap between the pending Kentucky action and the current action pending before this Court.

#### a. Chronology

The Court concludes that the chronology factor is satisfied in this case. Although Plaintiff contends that the Kentucky action

2

"is not the first filed case," he provides insufficient evidence to support this argument. Dkt. No. 11 at 11. It is undisputed that Defendant filed its Counterclaim and Third-Party Complaint in Interpleader against Plaintiff and other interpleader defendants in the Western District of Kentucky on June 26, 2020. Dkt. No. 8-3. The present action was filed on September 17, 2020. Dkt. No. 1. Therefore, the Court finds that the Kentucky action is the first-filed case.

### b. Similarity of Parties

The Court also concludes that the similarity-of-parties factor is met. Notably, "[t]he first-filed rule does not demand complete unity of parties." Ray v. Nationstar Mortg. LLC of Del., No. 2:17-CV-99-MHT-GMB, 2018 WL 1100897, at *2 (M.D. Ala. Feb. 9, 2018). Rather, "courts look to whether there are overlapping similarities." Daugherty v. Adams, No. 1:16-CV-02480-LMM, 2017 WL 5484699, at *12 (N.D. Ga. Mar. 22, 2017). For the first-filed rule to apply, "the law requires merely that some of the parties in one matter are also in the other, regardless of whether there are additional unmatched parties in one or both matters." Ray, 2018 WL 1100897, at *2 (quotation marks and alteration omitted).

Here, Plaintiff and Defendant are parties in both the Kentucky action and this action. Moreover, the parties are similarly positioned in both actions—with Plaintiff asserting claims for

3

breach of contract and bad faith against Defendant.[1] Plaintiff suggests that the parties do not overlap because the Kentucky action consists of additional interpleader defendants. Dkt. No. 11 at 13. While this is true, the parties are still substantially similar enough for the first-filed rule to apply. As previously noted, the rule does not require identical parties—mere overlap is enough. See Daugherty, 2017 WL 5484699 at *12 (applying the first-filed rule even though only four of the eighteen defendants overlapped).[2] As such, the Court finds that the parties are substantially similar.

### c. Similarity of Issues

Finally, the Court concludes that the issues in each action are substantially similar. Notably, "the question is not whether the issues are identical or whether the claims asserted in each case are identical." Daugherty, 2017 WL 5484699 at *12. Instead, like with similarity of parties, the issues must simply overlap.

---

[1] Plaintiff contends that party similarity may not exist in the future because Defendant could potentially be dismissed from the Kentucky action. Dkt. No. 11 at 13. However, Plaintiff overlooks the fact that he asserted two compulsory counterclaims against Defendant in the Kentucky action for breach of contract and bad faith. Consequently, Defendant will remain in the Kentucky action until Plaintiff's counterclaims are resolved. Moreover, Plaintiff cites no supporting authority to suggest party similarity should be rejected based on the prospective chance a party is dismissed in the first-filed action.

[2] Moreover, it appears that the disparity between parties would not exist if this action were allowed to proceed. The additional unmatched parties would have to be brought into this case as necessary parties because the missing interpleader defendants now possess a 50% portion of the Policy proceeds that Plaintiff seeks to recover in this action.

Id. Additionally, the claims can be distinct as long as their resolutions "turn on similar determinations of fact." Id.

Here, the two actions involve identical claims. In this case, Plaintiff asserts claims for breach of contract and bad faith failure to pay insurance benefits allegedly owed under the Policy. Dkt. No. 1 ¶¶ 21-30. In the Kentucky action, Plaintiff asserted a compulsory counterclaim against Defendant also alleging breach of contract and bad faith for the same Policy proceeds. Dkt. No. 8-4.

However, Plaintiff contends that the issues do not overlap because, in the present action, he seeks 100% of the Policy proceeds rather than the 50% of the proceeds at issue in the Kentucky action. Dkt. No. 11 at 14. Even though this is a difference, the overlap is still substantial. Both actions involve issues that turn on the same determinations of fact—the validity of beneficiary designations and entitlement to Policy proceeds. Moreover, resolving these issues necessarily will involve the same insurance policy and similar, if not the same, evidence, witnesses, and methods of proof.[3] As such, this difference has no bearing on the rule's applicability because each action will turn on similar factual determinations. See Daugherty, 2017 WL 5484699 at *13

---

[3] In fact, the only reason Plaintiff's desired amount of recovery differs in each action is due to the additional crossclaims Plaintiff filed against the interpleader defendants in the Kentucky action—where he seeks the other 50% of the policy proceeds already paid by Defendant. Holistically, Plaintiff seeks 100% recovery of the Policy proceeds in both actions.

("[E]ven if there are differences between the issues, such differences have no bearing as long as their resolutions turn on similar determinations of fact."). Accordingly, the Court finds that the issues are substantially similar.

**II.   Transfer**

As noted above, the Court concludes that there is substantial overlap between the present action and the pending Kentucky action. As such, the question of whether compelling circumstances exist is best answered by the Western District of Kentucky. "[O]nce the Court determines that a likelihood of substantial overlap exists between the two suits, it is no longer up to the second-filed court to resolve the question of whether both should be allowed to proceed." Pennington Seed, Inc. v. Scotts Miracle-Gro Co., Inc., No. 1:12-CV-00907-RWS, 2012 WL 13012355, at *4 (N.D. Ga. Apr. 4, 2012). It is within the discretion of the court with jurisdiction over the first-filed action to determine whether compelling circumstances require that the second-filed action be dismissed, stayed, transferred, or consolidated. McGarry v. Delta Air Lines, Inc., No. 1:18-CV-2794-TWT, 2018 WL 6928799, at *5 (N.D. Ga. Nov. 20, 2018). Because substantial overlap exists between the two actions and the Kentucky action was filed first, the proper course of action for this Court is to transfer this case to the Western District of Kentucky where Plaintiff's arguments regarding compelling circumstances can be considered. Id.

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss/Transfer, dkt. no. 8, is **GRANTED** in part. The Clerk is **DIRECTED** to transfer this case to the Western District of Kentucky.

**SO ORDERED**, this 25th day of January, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA